# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
REBECCA WHITNEY and                    *
RANDALL WHITNEY, parents of            *   No. 10-809V
S.W., a minor,                         *   Special Master Moran
                                       *
              Petitioners,             *   Filed: December 1, 2015
                                       *
v.                                     *   Stipulation; diphtheria- tetanus
                                       *   pertussis ("DTaP"); Haemophilus
                                       *   influenzae type b ("Hib"); inactivated
SECRETARY OF HEALTH                    *   polio ("IPV"); pneumococcal
AND HUMAN SERVICES,                    *   conjugate ("PCV"); rotavirus
                                       *   vaccines; acute disseminated
              Respondent.              *   encephalomyelitis ("ADEM").
* * * * * * * * * * * * * * * * * * * *
```

Ronald C. Homer, Conway, Homer & Chin-Caplan, P.C., for Petitioners;
Lara A. Englund, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION[1]

      On May 29, 2015, respondent filed a joint stipulation concerning the petition for compensation filed by Rebecca and Randall Whitney, on behalf on their minor child S.W., on November 22, 2010. The petitioners seek compensation for injuries allegedly related to S.W.'s receipt of the diphtheria-tetanus-pertussis ("DTaP") vaccine, Haemophilus influenzae type b ("Hib"), inactivated polio ("IPV"), pneumococcal conjugate ("PCV"), and rotavirus vaccines which are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), and which he received on March 20, 2012, causing him to suffer acute disseminated encephalomyelitis ("ADEM"). Petitioners further allege that S.W. suffered the residual effects of this injury for more than six months. Petitioners represent that

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

After a hearing, the undersigned determined that petitioners had failed to prove that the vaccines S.W. received caused his transverse myelitis.  See decision, issued May 8, 2015, 2015 WL 4537210.  On review, the Court vacated that decision and remanded the case for further proceedings.  Opinion and Order, 122 Fed. Cl. 297 (Fed. Cl. 2015).

After remand, the respondent maintains that the vaccines did not cause S.W.'s transverse myelitis or any other injury.

Nevertheless, the parties agree to the joint stipulation, attached hereto as "Appendix A."  The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

a. **A lump sum of $150,000.00 in the form of a check payable to petitioners as guardian(s)/conservator(s) of the estate of S. W.  No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardian(s)/ conservator(s) of S.W.'s estate.  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

b. **A lump sum payment of $10,971.12, which amount represents reimbursement of a lien for services rendered on behalf of S.W., in the form of a check payable jointly to petitioners and**

**State of Michigan**
**State of Michigan Estate Recovery Program**
**P.O. Box 30053**
**Lansing, MI 48909**
**Medicaid ID # 0038991786**

**Petitioners agree to endorse this check to the State of Michigan.**

c. **An amount sufficient to purchase the annuity contract described in paragraph 12 of the stipulation paid to the life insurance company from which the annuity will be purchased.**

2

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 10-809V according to this decision and the attached stipulation.[2]  The Clerk's Office is further instructed to provide this decision to the Court.  Vaccine Rule 28.1(a).

Any questions may be directed to my law clerk, Shannon Proctor, at (202) 357-6360.

**IT IS SO ORDERED.**

s/ Christian J. Moran<br>
Christian J. Moran<br>
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

REBECCA WHITNEY and RANDALL )
WHITNEY, parents of ▇▇▇▇ )
WHITNEY, a minor, )
                                        Petitioners, )
                                                ) No. 10-809V
v. ) Special Master Christian J. Moran
                                               )
SECRETARY OF )
HEALTH AND HUMAN SERVICES, )
                                            Respondent. )

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their son, ▇▇▇ Whitney ▇▇▇ petitioners filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to ▇▇▇ receipt of the diphtheria-tetanus-acellular-pertussis ("DTaP"), *Haemophilus influenza* type b ("Hib"), inactivated polio ("IPV"), pneumococcal conjugate ("PCV"), and rotavirus vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. ▇▇▇ received DTaP, Hib, IPV, and PCV vaccines on November 26, 2007.

3. The vaccines were administered within the United States.

4. On March 20, 2012, petitioners amended their petition for vaccine compensation, alleging that the DTaP vaccine caused ▇▇▇ to develop acute disseminated encephalomyelitis ("ADEM"), and that he experienced residual effects of this injury for more than six months.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of ▮ as a result of his condition.

6. At hearing, the special master determined that ▮ alleged vaccine injury was transverse myelitis. He issued a decision on May 8, 2015, finding that petitioners failed to prove that the vaccines ▮ received caused his transverse myelitis, and denying compensation.

7. On review, Judge Charles F. Lettow vacated the special master's decision and remanded the case for further proceedings on July 28, 2015.

8. Respondent maintains that the vaccines did not cause ▮ transverse myelitis.

9. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 10 of this Stipulation.

10. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a. A lump sum of $150,000.00, in the form of a check payable to petitioners as guardian(s)/conservator(s) of the estate of ▮ Whitney for the benefit of ▮ Whitney. No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardian(s)/conservator(s) of ▮ Whitney's estate;

> The amount set forth in paragraph 10.a. represents compensation for all damages under 42 U.S.C. § 300aa-15(a), except as set forth in paragraphs 10.b. and 10.c.

2

b. A lump sum of $10,971.12, which amount represents reimbursement of a lien for services rendered on behalf of ▮▮▮▮ Whitney, in the form of a check payable jointly to petitioners and

> State of Michigan
> State of Michigan Estate Recovery Program
> P.O. Box 30053
> Lansing, MI 48909
> Medicaid ID #: 0038991786

Petitioners agree to endorse this check to the State of Michigan.

c. An amount sufficient to purchase the annuity contract described in paragraph 12 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

11. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

12. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of ▮▮▮▮, pursuant to which the Life Insurance Company will agree to make payments periodically to petitioners, as the court-appointed guardian(s)/conservator(s) of ▮▮▮▮ estate for all remaining damages available under 42 U.S.C. § 300aa-15(a), as follows:

a. Beginning as soon as practicable after the date of judgment, $406.62 per month for the remainder of ▮▮▮▮ life, increasing at the rate of three percent (3%), compounded annually from the date payments begin.

3

The payments provided for in this paragraph 12 shall be made as set forth above. The petitioners will continue to receive the annuity payments from the Life Insurance Company only so long as ▅▅▅▅ is alive at the time that a particular payment is due. Written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within twenty (20) days of ▅▅▅▅ death.

13. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 10 herein and the amounts awarded pursuant to paragraph 14 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

14. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

15. Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or

State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

16. Payments made pursuant to paragraph 10 and any amounts awarded pursuant to paragraph 14 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

17. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of ▇▇▇ as contemplated by a strict construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

18. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardian(s)/conservator(s) of ▇▇▇ estate under the laws of the State of Michigan. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardian(s)/conservator(s) of ▇▇▇ Whitney's estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of ▇▇▇ Whitney at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of ▇▇▇ Whitney upon submission of written documentation of such appointment to the Secretary.

19. In return for the payments described in paragraphs 10 and 14, petitioners, in their individual capacities and as legal representatives of ▇▇▇ Whitney, on behalf of themselves, ▇▇▇, and his heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health

5

and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of ▇ resulting from, or alleged to have resulted from, any of the vaccinations administered on November 26, 2007, as alleged by petitioners in a petition for vaccine compensation filed on or about November 22, 2010, and the amended petitioner filed on March 20, 2012, in the United States Court of Federal Claims as petition No. 10-809V.

20. If ▇ should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

21. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

22. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 14 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or

amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

23. Petitioners hereby authorize respondent to disclose documents filed by petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

24. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that his immunizations caused ▮ to suffer ADEM, transverse myelitis or any other injury or condition.

25. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of ▮ Whitney.

END OF STIPULATION

Respectfully submitted,

PETITIONER:

*[signature]*
REBECCA WHITNEY

ATTORNEY OF RECORD FOR PETITIONERS:

*Ronald C. Homer by Meredith Daly*
RONALD C. HOMER   *Rule 83.1(c)(2)*
Conway, Homer and Chin-Caplan, P.C.
16 Shawmut Street
Boston, MA 02116
(617) 695-1990

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

*[signature]*
A. MELISSA HOUSTON M.D., M.P.H., FAAP
Director, Division of Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

Dated: 11/30/15

PETITIONER:

*[signature]*
RANDALL WHITNEY

AUTHORIZED REPRSENTATIVE
OF THE ATTORNEY GENERAL:

*[signature]*
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

ATTORNEY OF RECORD FOR RESPONDENT:

*[signature]*
LARA A. ENGLUND
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 307-3013